DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Norwalk Municipal Court which denied a motion to suppress filed by appellant, Michael Hackathorn. This court affirms the judgment of the trial court.
The following facts are relevant to this appeal. At approximately 5:30 p.m. on December 2, 2000, a state trooper could not observe the license plate on the rear of appellant's vehicle due to an inoperative license plate light; the trooper pursued the vehicle to determine whether or not there was a license plate. Although the trooper determined that there was a license plate, he stopped appellant because of the inoperative license plate light, a violation of R.C. 4513.05. After failing field sobriety tests, appellant was arrested for operating a motor vehicle while under the influence of alcohol. The trial court denied appellant's motion to suppress. Appellant entered a no contest plea to the charge and was found guilty. Appellant filed a timely notice of appeal.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THE DEFENDANTS' (SIC) STOP AND DETENTION WITH THE ONLY OBSERVATION OF CONCERN BEING EXPRESSED BY THE OFFICER BEING AN INITIAL OBSERVATION OF A LACK OF A LICENSE PLATE LIGHT WHEN THE OFFICER PRIOR TO THE STOP AND DETENTION OF THE DEFENDANT TESTIFIED THAT IN FACT PRIOR TO THAT DETENTION HE OBSERVED A LICENSE PLATE LIGHT."
Appellant argues that the police officer did not have specific and articulable facts to justify the investigatory stop.
On the authority of Dayton v. Erickson (1996), 76 Ohio St.3d 3, and the finding of specific and articulable facts to justify the investigatory stop, this court finds that the trial court properly denied appellant's motion to suppress.
Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Norwalk Municipal Court is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
 ____________________________ Peter M. Handwork, J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, P.J. CONCUR.